1  Susan L. Gutierrez
   (State Bar No. 273980)
2   sgutierrez@proskauer.com
   PROSKAUER ROSE LLP
3  2049 Century Park East, 32nd Floor
   Los Angeles, California 90067
4  Telephone:   (310) 557-2900
   Facsimile:    (310) 557-2193
5
   Steven M. Bauer (*pro hac vice to be filed*)
6   sbauer@proskauer.com
   Justin J. Daniels (*pro hac vice to be filed*)
7   jdaniels@proskauer.com
   Payal Salsburg (*pro hac vice*)
8   psalsburg@proskauer.com
   PROSKAUER ROSE LLP
9  One International Place
   Boston, Massachusetts 02110
10 Telephone:   (617) 526-9600
   Facsimile:    (617) 526-9899
11
12 Baldassare Vinti (*pro hac vice to be filed*)
    bvinti@proskauer.com
13 PROSKAUER ROSE LLP
   Eleven Times Square
14 New York, New York 10036
   Telephone:   (212) 969-3000
15 Facsimile:    (212) 969-2900

16 *Attorneys for Plaintiffs*

CHRISTOPHER KAO (Bar No. 237716)
 CKao@perkinscoie.com
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, California 94304-1212
Telephone:      (650) 838-4300
Facsimile:      (650) 838-4350

DAVID J. TSAI  (Bar No. 244479)
 DTsai@perkinscoie.com
PERKINS COIE LLP
Four Embarcadero Center, Suite 2400
San Francisco, California 94111-4131
Telephone:   (415) 344-7068
Facsimile:   (415) 344-7268

Attorneys for Defendant
VIEWSONIC CORPORATION

17              **UNITED STATES DISTRICT COURT**

18              **CENTRAL DISTRICT OF CALIFORNIA**

19

20 MITSUBISHI ELECTRIC CORP.
   (alternatively named MITSUBISHI
21 DENKI KABUSHIKI KAISHA),
   KONINKLIJKE PHILIPS N.V,
22 THOMSON LICENSING, GE
   TECHNOLOGY DEVELOPMENT,
23 INC., PANASONIC CORPORATION,
   and SONY CORPORATION,
24
                          Plaintiffs,
25        vs.

26 VIEWSONIC CORPORATION,

27                      Defendant.

28

Case No. 2:14-cv-00903-ODW
(AJWx)
**DISCOVERY MATTER**

**PROTECTIVE ORDER FOR
LITIGATION INVOLVING
HIGHLY SENSITIVE
CONFIDENTIAL INFORMATION**

Plaintiffs Mitsubishi Electric Corp. (alternatively named Mitsubishi Denki Kabushiki Kaisha), Koninklijke Philips N.V., Thomson Licensing, GE Technology Development, Inc., Panasonic Corporation, and Sony Corporation and Defendant ViewSonic Corporation, (together, the "Parties"), by and through their undersigned counsel, hereby stipulate to the entry of the following protective order and request the Court to adopt as its own.

## 1. PURPOSES AND LIMITATIONS

Good cause exists to enter into this Stipulated Protective Order because disclosure in this action during or in conjunction with pre-motion meet and confer discussions, settlement negotiations and discussions, initial disclosures, fact and expert discovery are likely to involve production of confidential and proprietary information of the Parties, including, without limitation, highly sensitive technical, financial or business information or proprietary information that has not been disseminated to the public at large, which is not readily discoverable by competitors and has been the subject of reasonable efforts by the respective parties to maintain its secrecy, and for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.  Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The Parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The Parties further acknowledge that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5.1 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

1

## 2. GOOD CAUSE STATEMENT

This case involves competitors and allegations of patent infringement. The Parties believe that good cause exists to enter this Stipulated Protective Order in order to protect confidential information from disclosure and certain confidential information from disclosure to each other's employees. That confidential information includes information and data that could be used by the Parties and/or actual or potential competitors to gain an improper and unlawful competitive advantage in the marketplace. For example, confidential information relevant to this action may include, among other things, customer lists and contact information; business and technical information; pricing and historical purchasing information; and customers' business and technical needs and preferences; sales data; research, development, and manufacturing information related to the Parties' products. The Parties have attempted to draft this Stipulated Protective Order narrowly and in a manner no more restrictive than necessary to protect confidential information from public disclosure.

## 3. DEFINITIONS

3.1    <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Stipulated Protective Order.

3.2    <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

3.3    <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

3.4    <u>Designated House Counsel</u>: House Counsel who seek access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.

3.5     <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures, depositions or in responses to discovery as "CONFIDENTIAL,"   "HIGHLY  CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE".

3.6     Disclosure or <u>Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures, depositions, or responses to discovery in this matter.

3.7     <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of the opposing Party in this litigation, and (3) is not anticipated to become an employee of an opposing Party in this litigation.

3.8     <u>"HIGHLY  CONFIDENTIAL – ATTORNEYS'  EYES  ONLY"</u> <u>Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that the Designating Party believes in good faith would constitute trade secrets or information concerning confidential research and development, or other commercial information that has value from not being generally known, and the disclosure of which creates a substantial risk of serious harm to the Designating Party.  Parties may also in appropriate circumstances use the designation <u>"HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES</u> <u>ONLY</u>," for which the same protections and procedures would apply, except that, in addition, the designated material cannot be disclosed to individuals described in section 8.3(b).

3.9     <u>"HIGHLY  CONFIDENTIAL – SOURCE  CODE"  Information or</u> <u>Items</u>: extremely sensitive "Confidential" Information or Items representing computer code and associated comments and revision histories, and formulas that

3

define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

3.10    <u>House Counsel</u>: attorneys who are employees of a Party to this action and whose job responsibility is legal in nature. House Counsel does not include Outside Counsel of Record or any other outside counsel.

3.11    <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

3.12    <u>Outside Counsel of Record</u>: attorneys who are not employees of a Party but are retained to represent or advise a Party and have appeared in this action on behalf of that Party or are employed by a law firm which has appeared on behalf of that Party.

3.13    <u>Party</u>: any party to this action, including all of its officers, directors, and employees.

3.14    <u>Producing Party</u>: a Party or Non-Party that produces Discovery Material in this action.

3.15    <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

3.16    <u>Protected Material</u>: any Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

3.17    <u>Receiving Party</u>: a Party that receives Discovery Material from a Producing Party.

## 4. SCOPE

4.1    The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Stipulated Protective Order, and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

## 5. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. "Final disposition" shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 6. DESIGNATING PROTECTED MATERIAL

6.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under

this Stipulated Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing the designation.

6.2    Manner and Timing of Designations. Except as otherwise provided in this Stipulated Protective Order (see, e.g., second paragraph of section 6.2(a) below), or as otherwise stipulated or ordered, Discovery Material that qualifies for protection under this Stipulated Protective Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Stipulated Protective Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page of the document unless the document is produced in a native format, in which case the Producing Party may affix the legend to a cover sheet, electronic slip sheet, or the storage media associated with the native document.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents qualify for protection under this

Stipulated Protective Order.  Then, before producing the specified documents, the Producing Party must affix the appropriate legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page of the document;

(b) for testimony given in deposition, the Designating Party may have up to twenty-one (21) days from the date the final transcript is provided to the Designating Party to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted.  Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order. Pending this designation, the entire transcript and all testimony and information coming from the deposition, shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Parties shall give the other Parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other Parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings.  The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party.  The Designating Party shall inform the court reporter of these requirements; and

(c) for information produced in some form other than that contemplated by sections 6.2(a) and 6.2(b), that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL,"  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

6.3    <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Stipulated Protective Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Stipulated Protective Order.

6.4    <u>Redactions</u>.  Counsel for a Party producing documents may redact material deemed exempt from discovery because it is protected from disclosure by an applicable privilege or privileges, and such privilege or immunity has not been waived.  However, any document from which material is redacted must identify in the redacted area that redaction has occurred.  The reason for such redaction must be stated either on the document itself or on a log to be provided within thirty (30) days after the production of the documents.  The Parties reserve the right to pursue additional categories for redaction, by either consent of the Parties or order of the Court, to be addressed on a case-by-case basis.

# 7. CHALLENGING CONFIDENTIALITY DESIGNATIONS

7.1    <u>Timing of Challenges</u>.  Any Party may challenge a designation of confidentiality at any time.  A Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

7.2    <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging

8

and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Stipulated Protective Order.  The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring within 14 days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

7.3    <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge under section 7.2, the Challenging Party shall file and serve a motion to remove the confidentiality designation within 21 days of the initial notice of challenge or within 14 days of the Parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.  Each such motion must be accompanied by a competent certification affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.   Failure by the Challenging Party to make such a motion including the required certification within 21 days (or earlier, if applicable) shall automatically waive the challenge to the confidentiality designation for each challenged designation.   In addition, the Designating Party may file a motion upholding a confidentiality designation at any time it believes there is good cause for doing so.  Any motion brought pursuant to this provision must be made in compliance with Local Rules 37-1 and 37-2 (including the Joint Stipulation requirement).

STIPULATED PROTECTIVE ORDER
Case No. 2:14-cv-00903-ODW (AJWx)

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other Parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## 8.  ACCESS TO AND USE OF PROTECTED MATERIAL

8.1    <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order.

8.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Stipulated Protective Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, and in compliance with this Stipulated Protective Order (see, e.g., section 14.4 below), witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the Court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

8.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

11

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) a maximum of two (2) Designated House Counsel of the Receiving Party (1) who have no involvement in competitive non-legal decision-making, (2) to whom disclosure is reasonably necessary for this litigation, (3) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (4) as to whom the procedures set forth in section 8.4(a)(1), below, have been followed, provided, however, that no information or item designated "HIGHLY CONFIDENTIAL – SOURCE CODE" may be disclosed to Designated House Counsel;

(c) Experts (as defined in this Stipulated Protective Order) of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in section 8.4(a)(2), below, have been followed;

(d) the Court and its personnel;

(e) during their depositions, and in compliance with this Stipulated Protective Order (see, e.g., section 14.4 below), witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the Court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(f) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation

and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

8.4     Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items to Designated House Counsel or Experts.

(a)(1) Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to Designated House Counsel any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to section 8.3(b) first must make a written request to the Designating Party that (1) sets forth the full name of the Designated House Counsel and the city and state of his or her residence, and (2) describes the Designated House Counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine if House Counsel is involved, or may become involved, in any competitive decision-making.

(a)(2) Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Stipulated Protective Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to section 8.3(c) first must make a written request to the Designating Party that (1) sets forth the full name of the Expert and the city and state of his or her primary residence, (2) attaches a copy of the Expert's current resume, (3) identifies the Expert's current employer(s), (4) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided

professional services, including in connection with a litigation, at any time during the preceding five years[1], and (5) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Designated House Counsel or Expert unless, within five (5) court days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party to try to resolve the matter by agreement within five (5) court days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to Designated House Counsel or the Expert may file a motion seeking permission from the Court to do so. In addition, any such motion must be accompanied by a competent certification describing the Parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to Designated House Counsel or the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving

---

[1]     If any of this information is subject to a confidentiality obligation to a third-party, then the Party seeking to disclose to the Expert shall provide whatever information can be disclosed without violating any confidentiality agreements. The Party seeking to disclose to the Expert shall also be available to meet and confer with the Designating Party to substantiate, to the extent possible, the confidential nature of such engagements.

Party's need to disclose the Protected Material to its Designated House Counsel or Expert.

**9. SOURCE CODE**

Given the particularly sensitive nature of source code, additional protections for source code are warranted.  In addition to all other restrictions and protections, the following additional restrictions and protections shall govern source code designated as HIGHLY CONFIDENTIAL – SOURCE CODE:

(a) only those persons qualified to receive HIGHLY CONFIDENTIAL – SOURCE CODE material under section 8.3 above shall be permitted access to source code disclosures;

(b) the Producing Party shall make its source code available electronically and in the form as kept in the ordinary course of business or other format suitable for review;

(c) the source code shall be made available for inspection on the premises of where such code is stored in the ordinary course of business or at the offices of producing counsel, and the source code shall be stored on a secured computer in a secured room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device.  The Producing Party may visually monitor the activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code;

(d) the host computer shall be made available during normal business hours, 9 am to 5 pm local time, Monday through Friday (excluding holidays);

(e)    counsel for the Receiving Party that requests a review of source code must give at least five (5) business days' notice to counsel for the Producing Party that it will be sending specified individuals authorized under section 9(a) above to review the source code made available on the host computer;

(f)    the Receiving Party's outside counsel and retained experts or consultants otherwise allowed to view the source code shall be entitled to take notes relating to the source code provided on a standalone laptop or on a paper notepad, however, no one may copy more than five (5) continuous lines of source code into said notes.  No copies of all or any portion of the source code may leave the room in which the source code is inspected except as otherwise provided herein.  Further, no other written or electronic record of the source code is permitted except as otherwise provided herein.  Outside vendors shall not be used to copy the source code.  During the remainder of discovery, no one from the Producing Party shall be permitted to log on to, boot up or otherwise access any files on the secured computer.

(g)    the host computer shall be connected to a printer in the room with pre-marked paper for local printing and review. In this event, at the conclusion of each day of review, the Producing Party shall provide the copies to the Receiving Party by the conclusion of the daily review session;

(h)    the Producing Party will produce source code in computer-searchable format on the secured computer(s) as described above.  At a minimum, the search utilities or tools should provide the ability to (i) view, search, and line-number any source file, (ii) search for a given pattern of text through a number of files, and (iii) compare two files and

16

display their differences.  The Receiving Party, at its own expense, may request that the Producing Party install software on a source code review computer to perform searches of the Producing Party's source code.  Timely requests for the installation of such search software will not be unreasonably denied so long as the requested search software is compatible with the operating system, and other software necessary to make the source code available for inspection, installed on a source code review computer, does not prevent or impede the Receiving Party's access to the source code produced for inspection on a source code review computer and does not circumvent any of the security features enabled on a source code review computer (e.g. enable connection and use of a USB thumb drive);

(i)     in no event is the Receiving Party entitled to receive from the Producing Party electronic copies of desired portions of the disclosed source code; furthermore no electronic copies of any portion of source code may be made;

(j)     counsel for the Receiving Party may make limited paper copies of excerpts of HIGHLY CONFIDENTIAL – SOURCE CODE material, such paper copies to be used as an exhibit to testimony, motion, expert report or disclosure, or otherwise as reasonably necessary in connection with the litigation, but only if and to the extent believed in good faith to be necessary.  Any paper copies of source code, if filed with the Court, shall be filed in accordance with section 14.3;

(k)     use of physical copies containing HIGHLY CONFIDENTIAL – SOURCE CODE material for depositions, motions and trial shall only occur in a manner that assures disclosure of such information only to those permitted access to it under this Stipulated Protective Order and

17

only on a need-to-know and relevancy basis.  Court reporters and/or videographers shall not retain copies of any HIGHLY CONFIDENTIAL – SOURCE CODE material;

(l)     counsel for the Receiving Party shall keep a log of the working paper copies of the source code, when the copies were made, to whom they were provided, and when they were provided.  Upon written request by the Producing Party, the Receiving Party must provide a copy of the log to the Producing Party within a reasonable time.  At the final conclusion of the litigation, the Receiving Party's designated and identified expert(s) must certify in writing that all copies of the source code were returned to the counsel that provided the information.  Furthermore, counsel for the Receiving Party must provide to counsel for the Producing Party the log and all paper copies of the source code in possession of counsel, with the exception of any documents retained in accordance with section 15;

(m)    the Producing Party may challenge the amount of source code requested in hard copy form pursuant to the dispute resolution procedure and timeframes set forth in section 7 whereby the Producing Party is the "Designating Party" and the Receiving Party is the "Challenging Party" for purposes of dispute resolution;

(n)     The Receiving Party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form.  The Receiving Party shall maintain all paper copies of any printed portions of the source code in a secured, locked area;

(o)     subject to the restrictions of this Stipulated Protective Order, counsel for the Receiving Party and the designated and identified expert(s) who are allowed access to source code designated as HIGHLY

18

CONFIDENTIAL – SOURCE CODE under this Stipulated Protective Order agree that the text of the source code or portions of the code itself shall not be disclosed to any other person at any time other than otherwise provided under this Stipulated Protective Order and the information gained from access to or review of the source code shall not be used for any purpose or reasons other than for the purposes of this litigation.

**10.    PROTECTED    MATERIAL    SUBPOENAED    OR    ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" that Party must:

(a) promptly notify in writing all other Parties, including the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

19

## 11. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

11.1  The terms of this Stipulated Protective Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Stipulated Protective Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

11.2  In the event that a Party appears to be required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(a).  promptly notify in writing the party requesting production and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(b).  promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c).  make the information requested available for inspection by the Non-Party.

11.3  If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination

by the Court. Absent a Court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

## 12. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 13. NO WAIVER OF PRIVILEGE; INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

Nothing in this Stipulated Protective Order shall require production of Discovery Material that a Party contends is protected from disclosure by the attorney-client privilege, the work product immunity, common interest doctrine, or other privilege, doctrine, right, or immunity (collectively "Privileged Information"). In accordance with Rule 502 of the Federal Rules of Evidence, the Parties hereby stipulate, and the Court orders, that no inadvertent or unintentional production of Privileged Information shall prejudice the Producing Party or otherwise constitute a waiver or estoppel as to any such privilege, doctrine, right or immunity. Any Party that inadvertently produces Privileged Information may obtain the return of those materials by promptly notifying the recipient(s) and expressly articulating the basis for the asserted privilege or immunity. The recipient(s) shall gather and return all copies of the inadvertently produced Privileged Information to the Producing Party, or certify to the Producing Party that they have been destroyed and/or deleted.

## 14. MISCELLANEOUS

14.1   <u>Right to Further Relief</u>.   Nothing in this Stipulated Protective Order abridges the right of any person to seek its modification by the Court in the future.

14.2   <u>Right to Assert Other Objections</u>.   By stipulating to the entry of this Stipulated Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

14.3   <u>Filing Protected Material</u>.   In the event any of the parties decides to file or submit to the Court any document or material designated as Protected Material, unless otherwise agreed to in writing by the Designating Party, the party intending to make such a filing shall request in accordance with Local Rule 79-5.1 that the Court permit such document containing or making reference to Protected Material to be filed under seal.  In addition the Designating Party shall have the right within three (3) court days to file a supplemental motion to seal or otherwise show cause for retaining the Protected Material under seal.  Where possible, only the portion of the filing that contains Protected Material should be filed under seal, and the parties agree to work in good faith prior to the Court ruling to use redactions, stipulations of fact or other means to avoid the need of making Protected Material publicly available and avoid the need for any motion to seal or supplemental filing.  Should the Court deny any motion to seal or any supplemental motion filed by the Designating party, the parties shall meet and confer within one (1) court day in a further attempt to avoid the need for publicly filing Protected Material; if no resolution is reached within that time, nothing shall preclude the party from filing such documents in the ordinary manner or the Court from unsealing the Protected Materials already filed, unless a writ has been taken.

14.4 <u>Examination of Witnesses Using Protected Material</u>. Except as the Court otherwise orders, any person may be examined as a witness at a deposition, hearing or trial and may testify concerning all information designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" of which such person has prior personal knowledge. Specifically, but without limitation:

(a) A present director, officer, and/or employee of a Producing Party may be examined and may testify concerning all information designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" which has been produced by that Producing Party;

(b) A former director, officer, agent and/or employee of a Producing Party may be interviewed, examined and may testify concerning all information designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" of which he or she has prior personal knowledge; and

(c) Non-Parties may be examined or testify concerning any document designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" if it appears on its face or from other documents or testimony to have been received from or communicated to the Non-Party as a result of any contact or relationship with the Producing Party, or a representative of such Producing Party. Any person other than the witness, his or her attorney(s), and any person qualified to receive documents designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" under this Stipulated Protective Order must be excluded from the portion of the examination concerning such information, unless the Producing Party consents to such persons

being present at the examination.  If the witness is represented by an attorney who is not permitted under this Stipulated Protective Order to receive such information, then prior to the examination, the attorney must be requested to provide a Confidentiality Agreement in the form of Attachment A to this Stipulated Protective Order.  If such attorney refuses to sign such a Confidentiality Agreement, the Parties, by their attorneys, may prior to the examination, jointly seek a protective Order from the Court prohibiting such attorney from disclosing such documents designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE".

## 15. FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in section 5, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Stipulated Protective Order as set forth in section 5 (DURATION).

Dated:  April 4, 2014

Steven M. Bauer                          Christopher Kao
Justin J. Daniels                        David J. Tsai
Payal Salsburg                           PERKINS COIE LLP
Baldassare Vinti
Susan L. Gutierrez
PROSKAUER ROSE LLP

Attorneys for Plaintiffs                 Attorneys for Defendant

By:  _/s/ Susan L. Gutierrez_            By:  _/s/ David J. Tsai_
    Susan L. Gutierrez                 David J. Tsai

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: April 7, 2014

_____

STIPULATED PROTECTIVE ORDER
Case No. 2:14-cv-00903-ODW (AJWx)

## EXHIBIT A

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury

that I have read in its entirety and understand the Stipulated Protective Order that

was issued by the United States District Court for the Central District of California

on [date] in the case of *Mitsubishi Electric Corp. et al. v. ViewSonic Corporation*,

Case No. 2:14-cv-00903-ODW (AJWx).  I agree to comply with and to be bound by

all the terms of this Stipulated Protective Order, and I understand and acknowledge

that failure to so comply could expose me to sanctions and punishment in the nature

of contempt.   I solemnly promise that I will not disclose in any manner any

information or item that is subject to this Stipulated Protective Order to any person

or entity except in strict compliance with the provisions of this Stipulated Protective

Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and

telephone number] as my California agent for service of process in connection with

this action or any proceedings related to enforcement of this Stipulated Protective

Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

26